In the Matter of Petition of Reinstatement of George R. Brawley.

[No. 1274S253. Filed May 6, 1976.]

*Patrick E. Chavis III,* of Indianapolis, for respondent.

*Richard H. Grabham,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.—The Petition for Reinstatement of George R. Brawley, having been filed on December 26, 1974, was re-

ferred to the Disciplinary Commission of the Supreme Court pursuant to Admission and Discipline Rule 23, Sections 4 and 18 for determination as to whether the respondent met the requirements for reinstatement prescribed by Section 4. Thereafter, the Disciplinary Commission, in the presence of a quorum, on March 14, 1975 and April 11, 1975, conducted a reinstatement hearing upon the petition of George A. Brawley, such hearing being recorded and a transcription thereof being filed in this cause on July 12, 1975. On June 13, 1975 the Disciplinary Commission filed its "Findings and Recommendations of the Disciplinary Commission as to Petition of Reinstatement," which was signed by five Commission members. These findings and recommendations, omitting an attached memorandum, are as follows:

## FINDINGS AND RECOMMENDATIONS OF THE DISCIPLINARY COMMISSION AS TO PETITION OF REINSTATEMENT

Pursuant to A.D. Rule 23, Section 4, a quorum of your Disciplinary Commission, comprised of Rudolph Dawson, Chairman, Ronald R. Fifer, Secretary, Lewis C. Bose, James G. McDonald, and the Honorable Wesley W. Ratliff, Jr. conducted a reinstatement hearing upon the Petition of George R. Brawley. The hearing was held on two dates beginning on March 14, 1975, and was concluded on April 11, 1975.

The Disciplinary Commission was represented at the hearing by Richard H. Grabham, its Executive Secretary, and the petitioner was represented by Mr. Patrick E. Chavis, III.

## FINDINGS

(1) On March 6, 1969, the Supreme Court of Indiana disbarred George R. Brawley (D.C. Exhibit 1). The opinion reads in part: "The commissioner found a preponderance of evidence sustained the charge that the license of the said George R. Brawley to practice law in the State of Wisconsin was revoked for due cause on September 25, 1958, and found that said license had never been reinstated in the State of

Wisconsin. To uphold the integrity of the Indiana State Bar as well as protect the citizens of Indiana from persons such as the respondent herein he should not be allowed to occupy an honorable position of trust and confidence in Indiana when he was unable to do so within the State of Wisconsin."

(2) The Supreme Court of Wisconsin on June 22, 1972, "Ordered that the application of George R. Brawley for reinstatement of his license to practice law be and the same is hereby denied". (D.C. Exhibit 2)

(3) The Petitioner filed a Petition for Reconsideration in Wisconsin in 1974 and was given a hearing on July 29, 1974. This proceeding is still pending before the Wisconsin Supreme Court but is not being held in abeyance pending any action to reinstate Mr. Brawley as an attorney licensed to practice in Indiana (D.C. Exhibit 3). (Petitioner's Exhibit A and TR pp 51, 52, and 53)

(4) The petitioner desires in good faith to obtain restoration of his privilege to practice law.

(5) The term of suspension prescribed in the order of suspension has elapsed since the suspension (D.C. Exhibit 1). (Petition for Reinstatement filed 12/26/74)

(6) The petitioner has not practiced law in this State or attempted to do so since he was disciplined.

(7) The petitioner has complied fully with the terms of the order for discipline.

(8) There is evidence in the record that the petitioner's attitude towards the misconduct for which he was disciplined is not one of genuine remorse.

(a) The petitioner denies that the charges against him in Wisconsin which led to his resignation for due cause were "valid complaints" (TR p. 32, 33).

(b) The petitioner denies that any complaints were made against him in Allen County, Indiana, at the time disbarment proceedings were brought (TR 54) although when questioned concerning specific matters (disbarment from Allen County Probate Court) (TR 55-56) he reluctantly admitted this.

(9) His conduct since the discipline was imposed has been exemplary and above reproach.

(10) The Commission was not convinced by the evidence before it that the petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and would conduct himself in conformity with such standards.

(a) Petitioner attached to his Petition for Reinstatement affidavits purporting to support his petition for reinstatement. Petitioner did not call any witnesses to testify at the reinstatement hearing. The affidavits attached were reviewed by the Commission.

(b) Affidavit of Theodore D. Wilson. Mr. Wilson was the Assistant Attorney General who handled the Indiana disbarment proceedings. His affidavit alleges that had Mr. Brawley been reinstated to practice in Wisconsin at any time while Mr. Wilson was in office as assistant attorney general, "he would have immediately dismissed the Indiana disbarment proceedings". The testimony of Commission witness Mickey Miller (TR pp. 105, 106, 107) reflects that the Allen County Bar Association was the force behind the choice to proceed against Brawley on the "full faith and credit provision" based on his Wisconsin disbarment rather than pursue the complaints they had received against the petitioner in his Indiana practice.

(c) Affidavit of Walter P. Helmke. Disciplinary Commission Exhibit 4 consists of an affidavit filed April 9, 1975, in which Walter P. Helmke admits he was in error when he signed an affidavit on behalf of Mr. Brawley on July 3, 1974, and requests his earlier statement be withdrawn.

(d) Affidavit of J. Byron Hayes. This affidavit does not relate to Section 4, A.D. Rule 23, except for item (6) which states "That, while acting as Special Judge on a few occasions, George R. Brawley represented defendants and Mr. Brawley appeared to have his defense well prepared and the applicable cases researched".

(e) Affidavit of John E. Hoffman. This affidavit does not relate to Section 4, A.D. Rule 23.

(f) Affidavit of Arthur H. Northrup. This affidavit relates to items (f), (g), and (h) of Section 4, A.D. Rule 23.

(g) Affidavit of E. Allen Dale. This affidavit relates to (c), (f), and (h) of Section 4, A.D. Rule 23.

(h) Affidavit of George H. Belshaw, M.D. This affidavit relates to (f), (g), and (h) of Section 4, A.D. Rule 23.

(i) General Affidavit signed by Allen County attorneys who state they knew George R. Brawley during the years of 1963-1967. Thirteen attorneys signed this affidavit which relates to (g) and (h) of Section 4.

(j) Disciplinary Commission Exhibits 5, 7, 8, 9, and 10 through 24 consist of affidavits of members of the Allen County Bar Association who knew Brawley during the years of his practice in Allen County and state that based on his reputation they cannot recommend his reinstatement under requirements of (g) and (h) of Section 4, A.D. Rule 23.

(11) The Commission was not convinced by the evidence before it that the petitioner can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the Bar and as an officer of the Courts.

(a) Affidavits submitted by the Petitioner attached to his petition for reinstatement (a through i under 10 above) and affidavits (D.C. Exhibits 5 and 7 through 24) raise a doubt in the Commission's opinion as to whether Petitioner can be safely recommended.

(b) Testimony of Disciplinary Commission witnesses, The Honorable Frank J. Celarek (TR pp. 71-90), James Solomon (TR pp. 91-102), and Mickey Miller (TR pp. 103-119), casts doubt on whether Mr. Brawley can be safely recommended under (g) and (h) of Section 4, A.D. Rule 23.

(c) The petitioner misrepresented certain facts in his testimony to the Commission:

The State of Wisconsin has been withholding his reinstatement until this matter has been disposed of and he has been reinstated in Indiana (TR p. 6). See D.C. Exhibit 3

Mr. Brawley stated that he had contacted Mr. Ed Smith, a Fort Wayne attorney about resuming practice in his office (TR p. 33 and TR p. 62). See D.C. Exhibit 6

## RECOMMENDATIONS

1. The Disciplinary Commission recommends that the Petition for Reinstatement of George R. Brawley be denied under the requirements of comity or full faith and credit since his license to practice law has never been reinstated in the State of Wisconsin. Attached to these Findings and Recommendations is a Memorandum of Executive Secretary of Disciplinary Commission filed on March 31, 1975, after this hearing was commenced on March 14, 1975.

2. The Disciplinary Commission continued the hearing on the basis of Mr. Brawley's statement that his reinstatement was being denied in Wisconsin until he was reinstated in Indiana. This was found not to be the fact (D.C. Exhibit 3). After the full hearing the Commission would further recommend denial of Brawley's Petition for Reinstatement on the basis that he did not establish by clear and convincing evidence that:

(a) His attitude towards the misconduct for which he was disciplined is one of genuine remorse.

(b) He has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself in conformity with such standards.

(c) He can safely recommend to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust

and confidence, and in general to aid in the administration of justice as a member of the Bar and as an officer of the Courts.

Respectfully submitted,

Lewis C. Bose, Member
James G. McDonald, Member
Wesley W. Ratliff, Jr., Member

Rudolph V. Dawson, Chairman
Disciplinary Commission
Ronald R. Fifer, Secretary
Disciplinary Commission

This Court has carefully considered the foregoing findings of the Disciplinary Commission as to the petition for reinstatement filed by George R. Brawley and finds that each factual determination is true and correct. Accordingly, this Court adopts as its own the "Findings and Recommendations of the Disciplinary Commission as to the Petition for Reinstatement" as filed on June 13, 1975 and hereby unanimously denies the Petition for Reinstatement as filed on December 26, 1974 by George R. Brawley and hereby orders his disbarment from the practice of law in this State to remain in full force and effect.

All Justices concur.

NOTE.—Reported at 346 N.E.2d 562.